381-08/MEU/SL
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
PENGUIN MARITIME LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

PENGUIN MARITIME LTD.,

                                        Plaintiff,

                    -against-

LEE & MUIRHEAD LTD.,
a/k/a LEE & MUIRHEAD PVT LTD.,

                                        Defendant.

-------------------------------------------------------------------x

*UNDER TEMPORARY SEAL*

**08 CV 6570 (JSR)**

**UNGER AFFIDAVIT
OF GOOD FAITH IN
SUPPORT OF APPLICATION
FOR AN ORDER
TEMPORARILY SEALING
COURT FILE**

State of New York    )
                                      ) ss.:
County of New York  )

        MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

        1.        I am a member of the Bar of the United States District Court, Southern District of

New York, admitted to practice before this Court and I am an attorney associated with the law

firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff herein.

        2.        This Affidavit is submitted as evidence of the good faith basis in support of

Plaintiff's application for an Order temporarily sealing the court file.

        3.        This is a *ex parte* maritime attachment action brought pursuant to Supplemental

Admiralty Rule B in support of Plaintiff Penguin Maritime Ltd. ("Penguin")'s underlying

NYDOCS1/309412.1

maritime claims against Defendant Lee & Muirhead Ltd., a/k/a Lee & Muirhead Pvt Ltd. ("L&M").

4.      To circumvent the *ex parte* nature of the Rule B remedy, a maritime trade publication known as TradeWinds publishes Rule B attachment applications filed in the District in its weekly paper edition and Internet website which is updated daily. Such publication effectively provides Rule B defendants with *de facto* notice of the attachments, sometimes as early as the date the applications are filed before the plaintiffs are able to serve garnishes with the Process of Maritime Attachment and Garnishment. Consequently, Rule B defendants are able to re-route their assets in evasion of the Orders of Attachment pending in the District.

5.      TradeWinds regularly publishes newsworthy Rule B attachment applications that seek security in support of claims for large amounts, involve high-profile parties and raise controversial legal issues. The instant application satisfies all three prerequisites: Plaintiff's claim is for an amount in excess of $2 million, Defendant L&M is affiliated with the high-profile Indian conglomerate Lemur Group and the instant application raises the controversial legal issue of whether the scope of a Rule B attachment reaches electronic funds transfers being sent to the defendant.

5.      In addition, I have contacted Bob Rust at TradeWinds to request that the instant Rule B application not be published so that the *ex parte* nature of the Rule B remedy is not destroyed prematurely. Mr. Rust denied my request and confirmed that TradeWinds will continue with its practice of publishing Rule B attachments in its paper and website publications.

6.      Based on past experiences, we have significant less success in obtaining security via the Rule B remedy when the attachment is published in TradeWinds.

7.      Accordingly, to maintain the *ex parte* nature of Plaintiff's Rule B attachment application, to avoid the provision of premature notice of the *ex parte* action to Defendant and to ensure that Defendant does not attempt to circumvent the reach of the Court's Order of Attachment, Plaintiff requests that the Court execute an Order directing the Clerk to temporarily seal the court file until such time that property of the Defendant has been restrained pursuant to the Attachment Order.  Such a provision is essential to Plaintiff's ability to obtain Rule B relief in support of its underlying claims against Defendant.

8.      Upon the first attachment of Defendant's property pursuant to the Attachment Order, Plaintiff will notify the Court and request that the temporary seal be lifted, in conjunction with Plaintiff's duty to provide prompt notice of attachment to Defendant in accordance with Local Admiralty Rule B.2.

_____
                    MICHAEL E. UNGER

Sworn to before me this
28th day of ~~May~~, 2008
                July

_____
            Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 10